# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

LEVI B.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. 2:19-cv-00196-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of Defendant's denial of his application for disability insurance benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the undersigned agrees that the ALJ erred, and the ALJ's decision is reversed and remanded for further administrative proceedings.

## I. ISSUES FOR REVEW

1. Did the ALJ err in evaluating Plaintiff's non-severe impairments at step two?
2. Did the ALJ properly evaluate the medical opinion evidence?
3. Did the ALJ properly evaluate the impact of medication side effects?
4. Did the ALJ err in evaluating Plaintiff's symptom testimony?
5. Did the ALJ err in finding there were a significant number of jobs Plaintiff could perform at step five?

## II. BACKGROUND

On June 11, 2016, Plaintiff filed an application for disability insurance benefits, alleging a disability onset date of December 3, 2015. AR 15, 221-22. Plaintiff's application was denied upon initial administrative review and on reconsideration. AR 15, 161-63, 167-72. A hearing was held before Administrative Law Judge ("ALJ") Malcolm Ross on February 13, 2018. AR 86-125. On May 29, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. AR 12-30. The Social Security Appeals Council denied Plaintiff's request for review on December 6, 2018. AR 1-6.

On February 25, 2019, Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision. Dkt. 6. Plaintiff asks this Court to reverse the ALJ's decision and to remand this case for an award of benefits or additional proceedings. Dkt. 14, p. 16.

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## IV. DISCUSSION

In this case, the ALJ found that Plaintiff had the following severe, medically determinable impairments: degenerative disc disease; left thumb arthritis; adjustment disorder with depressed mood and anxiety; alcohol use disorder; and obesity. AR 17. The ALJ also found that Plaintiff had several non-severe impairments, including bilateral carpal tunnel syndrome, post-traumatic stress disorder ("PTSD"), attention deficit

1  hyperactivity disorder ("ADHD"), left shoulder degenerative changes, and allergic

2  rhinitis. AR 17-18.

3  Based on the limitations stemming from these impairments, the ALJ assessed

4  Plaintiff as being able to perform a reduced range of medium work. AR 19-20. Relying

5  on vocational expert ("VE") testimony, the ALJ found that Plaintiff could not perform his

6  past work, but determined that there were other light, unskilled jobs Plaintiff could

7  perform; therefore the ALJ determined at step five that Plaintiff was not disabled.  AR

8  28-30, 121-24.

A.  <u>Whether the ALJ erred at steps two or three</u>

Plaintiff contends the ALJ erred at steps two and three by failing to properly consider the impact of Plaintiff's non-severe impairments on his residual functional capacity ("RFC"). Dkt. 14, pp. 4-8.

At step two of the sequential evaluation, the ALJ must determine if the claimant suffers from any medically determinable impairments that are "severe." 20 C.F.R. § 404.1520(a)(4)(ii). An impairment is not considered to be "severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 404.1520(c); Social Security Ruling ("SSR") 96-3p, 1996 WL 374181, at *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b); SSR 85-28, 1985 WL 56856, at *3. An impairment is not severe if the evidence establishes only a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL 56856, at *3; *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

At step three, the ALJ determines whether the plaintiff has an impairment or

combination of impairments that would be of a severity that meets or equals the criteria of the impairments listed in the Social Security Disability Regulations. See 20 C.F.R. §§ 404 subpt. P, app. 1, pts. A1-B2. If the plaintiff's impairment or combination of impairments meets the criteria of a listing, then the ALJ finds the claimant to be disabled; if not, the ALJ proceeds to step four (residual functional capacity). *Barnhart v. Thomas,* 540 U.S. 20, 24-25 (2003).

Plaintiff contends that his symptoms "significantly limit" his ability to perform basic work activities, and that the ALJ erred in finding that his carpal tunnel syndrome, post-traumatic stress disorder, and attention deficit hyperactivity disorder were non-severe impairments. Dkt. 14, pp. 6-7. Plaintiff also asserts that the ALJ erred in determining the durational requirement concerning the entire constellation of impairments – severe and non-severe – that plaintiff suffers from. Dkt. 14 at 7. Plaintiff asserts that he suffered from a combination of impairments for more than 12 months, and the ALJ should have considered the evidence of all his impairments between December 3, 2015 (alleged onset date) and February 12, 2018 (hearing date). Dkt. 14 at 2, 4-8.

Under 42 U.S.C. § 423(d)(1)(A), a person is disabled and is eligible to receive benefits if the person has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." In *Buck v. Berryhill*, the Ninth Circuit emphasized that in assessing the RFC, an ALJ must consider limitations and restrictions imposed by *all* an individual's impairments, even those that are not 'severe', and that an RFC should be precisely the same regardless of whether certain

impairments were found severe at step two of the sequential evaluation. 869 F.3d 1040, 1049 (9th Cir. 2017) (citing Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996)). In *Buck*, the Ninth Circuit concluded that because the ALJ decided step two in the claimant's favor and was required to consider all impairments in the RFC, whether "severe" or not, "[a]ny alleged error is therefore harmless and cannot be the basis for a remand." *Id.* (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)).

In finding Plaintiff's carpal tunnel syndrome to be a non-severe impairment, the ALJ reasoned that Plaintiff underwent an apparently successful bilateral carpal tunnel release procedure in 2007, that there was "equivocal" evidence of a recurrence of carpal tunnel syndrome in June 2016, and there was "little further mention" of carpal tunnel related symptoms during the period at issue. AR 18, 370-71.

The "equivocal" evidence cited by the ALJ refers to the results of an electrodiagnostic test of Plaintiff's hands conducted in June 2016. AR 367-71. With respect to Plaintiff's right hand, the test results were consistent with moderate median neuropathy at the wrist characterized by sensor/motor demyelination with partial chronic denervation changes without evidence of ongoing axonal loss. AR 368, 371. And the physician (Zachary Abbott, D.O.) also noted that given that median nerve conduction study values commonly do not normalize after a clinically successful carpal tunnel release, and the median nerve slowing indicated in the test "does not necessarily represent true recurrent carpal tunnel syndrome." *Id.*

Dr. Abbott noted that Plaintiff had the same degree of median nerve slowing in his left hand, "which also calls into question the significance of the right-sided findings."

*Id.* Dr. Abbott concluded that these test results "need to be interpreted with caution and clinically correlated." *Id.*

The record does not contain an opinion from an acceptable medical source assessing any functional limitations related to Plaintiff's right hand, and examining physician Justin Taylor, M.D. specifically opined that Plaintiff has no lifting, carrying, or manipulative limitations when using his right hand. *See* AR 154-55, 333, 381.

Here, the ALJ considered Plaintiff's carpal tunnel syndrome when assessing his residual functional capacity. But it would not be accurate to conclude that the ALJ erred by failing to find functional limitations related to Plaintiff's carpal tunnel syndrome; no acceptable medical source has assessed limitations related to this condition; and the medical record is ambiguous as to whether Plaintiff's carpal tunnel syndrome recurred during the period at issue.

Regarding Plaintiff's non-severe mental impairments, the ALJ relied on Plaintiff's August 2016 statement that he had not had any PTSD symptoms since 2006 and the diagnosis of examining psychologist Alexander Patterson, Psy.D., who also concluded that his PTSD was in remission. AR 17-18, 383, 386. The ALJ noted that an apparent recurrence of Plaintiff's PTSD symptoms occurred after his date last insured. AR 17-18, 992-1009.

Regarding Plaintiff's ADHD, the ALJ noted Plaintiff's statement to Dr. Patterson that he had been diagnosed with this condition in 2011 by another therapist and had been taking the stimulant Adderall to manage his condition. AR 17-18, 383-86. The ALJ noted that neither Dr. Patterson nor any other acceptable medical source diagnosed

Plaintiff with ADHD, and there was no evidence that Plaintiff's ADHD had any significant effect on Plaintiff's functioning. AR 18, 386.

Neither Dr. Patterson nor the non-examining state agency psychologists, Kristine Harrison, Psy.D. or Michael Brown, Ph.D. diagnosed Plaintiff with ADHD. AR 132-33, 136-37, 155-56. Dr. Patterson did not assess any functional limitations stemming from Plaintiff's mental impairments, and Dr. Harrison and Dr. Brown (whose opinions the ALJ assigned substantial weight) assessed mental limitations that would not conflict with the RFC: the RFC restricted Plaintiff performing short and simple tasks, with routine, repetitive instructions. AR 19-20, 27, 136-38, 155-56, 386-87.

There is no evidence that Plaintiff's PTSD or ADHD resulted in any work-related mental limitations during the period at issue, and the Court cannot say that the ALJ erred in finding these impairments non-severe or in declining to include associated limitations in the RFC.

B.  Whether the ALJ properly evaluated the medical opinion evidence

Plaintiff alleges that the ALJ erred in assessing Dr. Taylor's August 2016 opinion. Dkt. 14, pp. 9-12.

In assessing an acceptable medical source – such as a medical doctor – the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing

*Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Dr. Taylor examined Plaintiff on August 27, 2016. AR 378-81. Dr. Taylor's evaluation consisted of a review of the medical records, a clinical interview, and a physical examination. Based on this evaluation, Dr. Taylor opined that Plaintiff would have no limitations in standing, walking, or sitting. AR 381. Dr. Taylor also found that Plaintiff would have no lifting, carrying, or manipulative restrictions when using his right hand. *Id.*

Dr. Taylor opined that Plaintiff's ability to lift and carry with his left hand was "limited" due to strain, and that Plaintiff should avoid lifting with the left hand "at this time." *Id.* Dr. Taylor added that Plaintiff would have no limitation in his ability to reach and feel with his left hand, but was limited to occasional handling and fingering. *Id.*

The ALJ found that most of Dr. Taylor's opinion was supported by his clinical findings and the medical record, but that there was insufficient evidence to support restricting all lifting on the left, a limitation in fingering, or a limitation beyond frequent handling with the left upper extremity. AR 26. The ALJ reasoned that Dr. Taylor's opinion regarding these limitations was inconsistent with the results of his own examination, during which Plaintiff demonstrated good left hand functioning, was able to remove his sandals and arm brace without difficulty, had intact grip strength, could touch his fingertips to his thumbs, and was able to pick up a paperclip from a flat surface. AR 26, 379-81. A finding that a medical opinion contains internal inconsistencies can serve as a specific, legitimate reason for discounting it. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999); *see also Rollins v.*

*Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of internally inconsistent medical opinion). Accordingly, the ALJ did not err in evaluating Dr. Taylor's opinion.

        C.  <u>Whether the ALJ properly assessed the impact of medication side effects</u>

Plaintiff contends that the ALJ erred by not assessing the extent to which the side effects of Plaintiff's pain medication interfered with his ability to work. Dkt. 14, p. 8, Dkt. 17, p. 5. Social Security regulations require an ALJ to consider side effects of medication taken for pain or other symptoms when assessing allegations of disabling symptoms. 20 C.F.R. § 404.1529(c)(3)(iv).

In evaluating the medical record, the ALJ noted that Plaintiff was taking medications such as Oxycodone and Neurotonin for pain. AR 20-21. During the hearing, the ALJ asked Plaintiff whether his medication caused any side effects. AR 109-10.

Plaintiff testified that he had difficulty driving back and forth from Portland, Oregon when he was taking pain medication, which gave him an "intoxicated" feeling, made him more confident than he should have been while driving, and made it difficult for him to park his car. *Id.* Plaintiff testified that he was not supposed to be driving while on pain medication, but he did so anyway because he had no other way to get to his treatment providers in Portland. *Id.* The ALJ discussed Plaintiff's testimony when assessing his allegations. AR 20.

While the ALJ considered this evidence, he does not appear to have specifically discounted Plaintiff's statements regarding the side effects of his pain medication or assessed an RFC limitation that would account for Plaintiff's driving difficulties. Given Plaintiff's apparently dangerous mindset when taking his medication, and considering

that an inability to drive a car to work might significantly impact the number of jobs available at step five, the Court cannot say that the failure to include a limitation related to Plaintiff's medication side effects constitutes harmless error. On remand, the ALJ shall either provide a clear and convincing reason for not including a limitation related to the side effects of Plaintiff's medication in the RFC, or if crediting Plaintiff's statements as true, assess the functional impact of such a limitation on Plaintiff's ability to perform other work at step five.

### D. Whether the ALJ properly evaluated Plaintiff's symptom testimony

Plaintiff contends that the ALJ erred in evaluating his symptom testimony. Dkt. 14, pp. 15-16. Plaintiff contends that because the ALJ did not properly evaluate the objective medical evidence, he could not have properly assessed Plaintiff's symptom testimony. *Id.* at 16.

Plaintiff does not allege any specific error in the ALJ's evaluation of his subjective allegations. Given the lack of specificity in Plaintiff's argument, Plaintiff has failed to demonstrate any harmful error on this issue. *See Bailey v. Colvin*, 669 Fed. Appx. 839, 840 (9th Cir. 2016) (citing *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012)) (finding no error where the claimant did not "demonstrate prejudice from any errors").

### E. Whether the ALJ properly erred at step five

Plaintiff contends that the ALJ erred by finding that there were a significant number of jobs Plaintiff could perform at step five of the sequential evaluation. Dkt. 14, pp. 13-15. Because the ALJ's re-evaluation of Plaintiff's medication side effects may result in additional RFC limitations, the Court declines to address this argument, and

instead directs the ALJ to re-assess step five of the sequential evaluation as appropriate on remand.

F. Additional evidence

The record contains evidence submitted by Plaintiff after the ALJ issued his decision. AR 36-84. The Appeals Council denied review of Plaintiff's claim and opted not to exhibit this evidence, reasoning that it did not show a reasonable probability that it would change the outcome of the ALJ's decision. AR 2.

This Court must consider this additional material in determining whether the ALJ's decision is supported by substantial evidence. *See Brewes v. Commissioner of Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012) (when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence).

The evidence in question consists of documents related to Plaintiff's worker's compensation claim, an opinion from one of Plaintiff's treatment providers, a psychological assessment from 2011, treatment notes, and a letter from Plaintiff's former employer indicating that Plaintiff left his job in December 2015 for reasons unrelated to his thumb injury. *See* AR 36-84; *see also Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (noting that an ALJ may consider that a claimant stopped working for reasons unrelated to the allegedly disabling condition in evaluating her symptom complaints).

ORDER REVERSING AND REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS - 11

Because the Court has already concluded that the ALJ's decision is not supported by substantial evidence, the Court declines to consider this evidence, and instead directs the ALJ to evaluate this evidence on remand.

G. Remand With Instructions for Further Proceedings

Plaintiff asks this Court to reverse the ALJ's decision and to remand this case for an award of benefits or additional proceedings. Dkt. 14, p. 16. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

Here, the ALJ must re-evaluate the impact of Plaintiff's medication side effects on the RFC. Because it is unclear precisely what impact an RFC limitation related to these side effects would have on Plaintiff's ability to perform work at step five, remand for further proceedings is the appropriate remedy.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when he/she determined plaintiff to be not disabled. Defendant's decision to deny benefits is therefore REVERSED and this matter is REMANDED for further administrative proceedings. The ALJ is directed to re-assess the vocational impact of Plaintiff's medication side effects on remand.

Dated this 6th day of February, 2020.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge